**David A. Aguilar, Esq.**
**LAW OFFICE OF DAVID A. AGUILAR**
P.O. Box 86207
Tucson, Arizona 85754
(520) 628-8963
State Bar No: 007054
**Attorney for Defendant**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | Case No. 4:22-cr-01913-JAS-LCK |
| Plaintiff, | |
| v. | |
| **Guiovani Contreras-Robles,** | 1ˢᵗ Motion to Dismiss Count One - Conspiracy |
| Defendant. | |

Defendant, **Guiovani Contreras-Robles**, by and through undersigned counsel, pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure moves to dismiss Count 1 of the Indictment. The count fails to state an offense against Mr. Contreras-Robles.

**FACTS**

DEA Undercover investigation from September 2020 through June 2021 had complete penetration of a Tucson drug trafficking organization. The DTO was based in Magdalena, Sonora, Mexico and smuggled the three major drugs: cocaine, heroin, and methamphetamine through the DeConcini Port of Entry.

The principal operator for the DTO in Tucson was a young man named Juan Martinez-Ortiz. The government discovery describes numerous direct drug deals between the DEA UC agent and Martinez-Ortiz. The government discovery describes the DEA UC having contact with the DTO organizer in Magdalena, Sonora. The government discovery describes a DTO operation known to law enforcement and completely compromised by law enforcement.

On May 10, 2021 Juan Martinez-Ortiz arranged the sale and delivery of two pounds of

methamphetamine to the DEA UC agent. Martinez-Ortiz hired Ruiz-Rabago to deliver the meth at Fry's on the corner of 1st avenue and Grant Road. The Transaction took place at about 4 o'clock PM. Two hours later Ruiz-Rabago sent his friend, Contreras-Robles, to meet the DEA UC agent at the Spectrum Mall Target store parking lot. The meeting took place and the DEA UC gave Contreras-Robles $3,800.00 for the two pounds of meth received from Ruiz-Rabago.

In three hundred and ninety pages of government discovery, the one pick-up of money is the sole act committed by Contreras-Robles in this case. Contreras-Robles was in a friendly relationship with Ruiz-Rabago. Contreras-Robles has no knowledge, acquaintance or interaction with any other named conspirators in this case or any of the other event set forth in this Indictment.

## LAW ON MOTION TO DISMISS

A Rule 12(nb)(3)(B)(v) Motion to Dismiss an Indictment must be made before trial. United States v. Collins, 684 F.3d 873(9th Cir. 2012) A criminal conspiracy is an agreement between at least two persons to commit a crime and the intent to commit the underlying offense.

## EACH COUNT OF AN INDICTMENT STAND ALONE

Each count of an indictment is regarded as if it were a separate indictment and must stand or fall on its own allegations. United States v. Rodriguez-Gonzalez, 358 F.3d 1156(9th Cir. 2004) The indictment must allege facts and elements with respect to each count of the indictment. United States v. Ors, 997 F.2d 628(9th Cir. 1993) Where an indictment is properly challenged prior to trial, an indictments failure to set forth the facts and elements of each crime charged in the offense constitutes a fatal flaw requiring dismissal of that portion of the indictment. United States v. DuBo, 186 F.3d 117(9th Cir.1999)

The Fifth Amendment of the United States Constitution provides that prosecutions for infamous crimes must be by indictment. United States v. Wellington, 754 F.2d 1457 (9th Cir.

1981) A grand jury must examine all the evidence and find that there is probable cause to believe a crime has been committed and the accused committed the crime. United States v. Calandra, 414 U.S, 338 (1974)

An indictment shall be a plain, concise, and definitive written statement of the essential facts constituting the charged offense. Russell v. United States, 369 U.S. 479(1962) Failure to allege that the defendant engaged in the prohibited behavior led to dismissal of defective count in the indictment. United States v. Rodriguez, 159 F.3d 439 (9th Cir. 1998)

## LAW OF CONSPIRACY – NO STAKE IN THE VENTURE

The defense acknowledges that conspirator need not know the other conspirator's as it is the nature of the activity that facilitates remaining unknown. An individual does not become a member of a conspiracy by associating with conspirators known to b involved in a crime. United States v. Tran, 568 F.3d 1156,1165(9th Cir. 2009) Contreras –Robles acknowledges she was in a friendly relationship with Ruiz-Rabago for several years.

However, to be a member of a drug conspiracy a person must have a "stake in the venture." "In the end what we are looking for is evidence of a prolonged and actively pursued course of sales … and a shared stake in the illegal venture." United States v. Moe, 781 F.3d 1120,1123 (9th Cir. 2013)  The government must show prolonged activity coupled with a seller's knowledge of shared stake in the buyer's illegal venture. United States v. Lapier, 796 F.3d 1090,1095 (9th Cir. 2015)

## SINGLE TRANSACTION –NOT ENOUGH

In this case, the Government discovery establishes only that Contreras –Robles was involved in a single transaction without any indication she knew the scope of the conspiracy or that she sought to benefit from the overall operation. There is no evidence of Conteras –Robles involvement in another drug transaction described in these charges.

## CONCLUSION

When the government proves only a defendant is involved in a single transaction that is part of a much larger ongoing conspiracy there is insufficient evidence to impute knowledge of the broad conspiracy. United States v. Vizcarra-Martinez, 66 F.3d 1006,1010(9th Cir. 1995) For the forgoing reasons the conspiracy count against Contreras –Robles should be dismissed.

REPECTFULLY SUBMITTED this 7th day of February 2024.

LAW OFFICE OF DAVID A. AGUILAR

*s/ David A. Aguilar*
David A. Aguilar
Attorney for Defendant

Original of the foregoing electronically delivered via CM/ECF
this 7th day of February 2024 to:

**Honorable James A. Soto**
United States District Court

**Matthew G. Eltringham**
Assistant United States Attorney