GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney
matthew.eltringham@usdoj.gov
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR 22-CR-01913-05-TUC-JAS (LCK) |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO DISMISS COUNT 1 – CONSPIRACY AND REQUEST TO VACATE EVIDENTIARY HEARING |
| 5. Guiovani Contreras-Robles, | |
| Defendant. | |
| | (Doc. 102 and 104) |

Now comes the United States of America, by and through its attorneys undersigned, and files this response to the defense Motion to Dismiss Count 1 – Conspiracy to Distribute Controlled Substances. (Doc. 102.) Count 1 of the Indictment clearly states an offense against each defendant; they had an agreement with at least one other person to distribute cocaine, heroin, and methamphetamine, from "a time unknown, including various dates, up to and including May 10, 2021" within the District of Arizona. (Doc. 3.) The Motion to Dismiss (Doc. 102) should be denied and no evidentiary hearing set on the matter.

### *Facts*

In 2020 through 2021 Homeland Security Investigations ("HSI") along with the Counter Narcotics Alliance ("CNA") were investigating and international drug trafficking organization based in Mexico. During the course of the investigation, agents were able to introduce an undercover officer ("UC") into the organization. The UC directly communicated with Juan Gastelum-Guerlach, a.k.a. "Tio", for the purchase and delivery

of controlled substances – specifically cocaine, heroin, and methamphetamine. On multiple occasions the UC and Gastelum-Guerlach talked on the phone to negotiate the prices and quantities for the cocaine, heroin, and methamphetamine. Once an agreement was reached, Gastelum-Guerlach would send another person to deliver the controlled substances. Gastelum-Guerlach provided the UC with the phone number of the delivery driver and the UC would contact that person directly. After the delivery of the controlled substances, the UC would contact Gastelum-Guerlach who then provided the UC with a different person and phone number to deliver the money for the controlled substances. This methodology was repeated for every purchase of controlled substances.

All of the named defendants either delivered controlled substances or received money from the UC for the purchase of the controlled substances. This was all coordinated by Gastelum-Guerlach.

On September 2, 2022, a federal grand jury returned an indictment in this case charging the defendants with Count 1, Conspiracy to Distribute Methamphetamine, Cocaine, and Heroin, Counts 2, 3, and 5, Possession With Intent to Distribute Methamphetamine, Count 4, Possession With Intent to Distribute Heroin, and Count 5, Possession With Intent to Distribute Cocaine. (Doc. 3.)

**Law and Argument**

   A. *There is no pre-trial review of the sufficiency of the evidence once the case is indicted.*

The defendant appears to seek review of the sufficiency of the evidence to prove a violation of the Controlled Substance Act, the motion is improper, and the evidence cannot be reviewed. Fed. R. Crim. Pro. Rule 12(b)(2), *see United States v. Jensen*, 93 F.3d 667 (9th Cir. 1996). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Mann*, 517 F.2d 259, 267 (9th Cir. 1975), *cert denied*. Additionally, "a motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. … The Court should not consider evidence not appearing on the face of the indictment." *Jensen*, 93 F.3d at 669; *quoting United States v. Marra*, 481 F.2d 1196, 1199 – 1200 (6th

Cir. 1973); *see also United States v. Lacey et al.*, CR-18-00422-PHX-DJH, (Doc. 1641, p. 4 n.2) (assessing the sufficiency of the proof at this stage is entirely inappropriate and may constitute reversable error).

The Ninth Circuit held that the lower court, "erred in considering the documentation provided by the defendants. By basing its decision on evidence that should only have been presented at trial, the district court in effect granted summary judgment for the defendants. This it may not do." *Jensen*, 93 F.3d at 669; citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the evidence.").

The defendant cites to multiple cases which raise challenges to the sufficiency of the evidence after a conviction at trial – *United States v. Tran*, 568 F.3d 1156, 1165 (9th Cir. 2009) (mere presence at a location during a criminal act does not constitute a conspiracy); *United States v. Moe*, 781 F.3d 1120, 1123 (9th Cir. 2013) (buyer seller relationship); *United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015) (buyer seller relationship); and *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1010 (9th Cir. 1995).[1] None of these cases are germane to the Motion to Dismiss (Doc. 102) because no evidence has been presented to a jury during a trial and there is no mechanism for a pre-trial challenge of the evidence supporting an indictment.

Therefore, the defense Motion to Dismiss (Doc. 102) is not well taken and should be denied. On September 1, 2022, a federal grand jury returned an indictment charging the defendant with Count 1, Conspiracy to Distribute Methamphetamine, Heroin, and Cocaine. (Doc. 3.) The evidence presented to the grand jury was sufficient for the grand jury to return an indictment. If the defendant wishes to challenge the sufficiency of the evidence, then a trial is the proper venue for said challenge.

B. *The Indictment is facially sufficient.*

To the extent the defendant argues the indictment is insufficient, her argument fails. The defendant's reliance on *United States v. Ors*, 997 F.2d 628 (9th Cir. 1993) is

---

[1] The government was unable to locate *United States v. DuBo*, 186 F.3d 117 (9th Cir. 1999).

3

misplaced. *Ors* relates to dismissal of the indictment alleging a violation of the Sherman Act, anti-trust laws, was appropriate when the indictment did not allege a necessary element of the alleged criminal act. This is not the situation in the current case before the court. The defendant's indictment sets forth all of the necessary elements of the crimes charged.

The indictment charging the defendant is sufficient on its face and sets forth a violation of 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offence charged." Fed. R. Crim. R. 7(c)(1). *See United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (an indictment is sufficient on its face when it recites the language of the statute, even if it fails to allege how the violation was committed); *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (an indictment is sufficient if it contains the elements of the charged offense, fairly informs a defendant of the charge, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense).

"With respect to conspiracies, '[a]n indictment under 21 U.S.C. § 846 … is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove and specific overt act in furtherance of the conspiracy.'" *Forrester*, 616 F.3d at 940; quoting *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981). Additionally,

"an indictment that specifics an end date is sufficient to apprise defendants of the charges and enable them to prepare a defense." *Forrester*, 616 F.3d at 940 – 41; *see United States v. Roher*, 708 F. 2d 429, 435 n.7 (9th Cir. 1983) (holding an indictment alleging the conspiracy extended until "at least" 1980 was sufficient).

     Again, the defendant's Motion to Dismiss (Doc. 102) is not well taken. Count 1 of the indictment reads:

> From a time unknown, on various dates, up to and including May 10, 2021, in the District of Arizona, CHRISTIAN DAMIAN RIOS-SANCHEZ, a.k.a. "Chiriss", DANIELLA AZUCENA ENCINAS-VILLA, a.k.a. "Cunada", ENRIQUE ARMANDO RUIZ-RABAGO, JUAN CARLOS GASTELUM-GUERLACH, a.k.a. "Tio", GUIOVANI CONTRERAS-ROBLES, HECTOR SANTIAGO-ROMERO, and JUAN MARTINEZ-ORTIZ did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii); did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); and did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II). All in violation of Title 21, United States Code, Section 846.

     The indictment is a "plain, concise, and definite written statement of the essential facts constituting the offence charged." Additionally, the indictment sets forth the offense in the words of the statute itself, along with all the elements necessary to constitute the offense intended to be punished. The indictment sets forth the time during which the conspiracy was operative, including the end date of the conspiracy, "[f]rom a time unknown, on various dates, up to and including May 10, 2021," and the statute allegedly violated, 21 U.S.C. §§ 846 and 841(a)(1). The indictment specifically states which controlled substances are at issue, Cocaine, Heroin, and Methamphetamine, along with the appropriate corresponding subsection of 21 U.S.C. § 841(b)(1). The indictment also states the jurisdiction and venue for the charges, "in the District of Arizona". Furthermore, the indictment specifically states that the defendants, "did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury". (Doc. 3.) Therefore, the indictment is facially sufficient and the defendant's Motion to Dismiss should be denied.

/ / /

C. *No evidentiary hearing necessary.*

The government respectfully requests the evidentiary hearing set for February 29, 2024, on the defendant's Motion to Dismiss (Docs. 102 and 103) be vacated. The indictment is facially sufficient. Additionally, any pre-trial evidence considered by the court challenging the sufficiency of the indictment is potentially reversable error. This obviates the necessity for an evidentiary hearing.

**Conclusion**

Wherefore, the government respectfully requests this Court deny the defense Motion to Dismiss Count 1 (Doc. 102) as the indictment is facially sufficient and it may constitute reversable error to accept pre-trial evidence challenging the sufficiency of the evidence which supports Count 1.

Respectfully submitted this 20th day of February, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Matthew G. Eltringham*
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 20th day of February, 2024, to:

All ECF Participants