**David A. Aguilar, Esq.**
**LAW OFFICE OF DAVID A. AGUILAR**
**P.O. Box 86207**
**Tucson, Arizona 85754**
**(520) 628-8963**
**State Bar No: 007054**
**Attorney for Defendant**

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**           ) | Case No. 4:22-cr-01913-JAS-LCK |
| Plaintiff,           ) | |
| v.           ) | |
| **Guiovani Contreras-Robles,**           ) | **Defendant's Response to Government's Response to Motion to Dismiss** |
| Defendant.           ) | |

    The defendant, **Guiovani Contreras-Robles**, by her attorney David Aguilar pursuant to Local Court Rule 7.2 (c) files the following Reply to the Government Response (Doc.#106) The Government raises two points in their Response the first dealing with Federal Rule of Criminal Procedure 12 and second dealing with Federal Rule of Criminal Procedure 7 (C)(1) Federal Rule 12 United States v. Jensen, 93 F.3d 667 (9th Cir.1996)

    Pursuant to Federal Rule of Criminal Procedure 12(b)"any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by a motion." A Rule 12 motion can be determined prior to trial "if it involves questions of law rather than fact." United States v. Short Accountancy, 785 F.2d 1448,1452(9th Cir.1986). The defense acknowledges the court may not make disputed factual findings regarding the alleged offense. United States v. Turner, 842 F.3d 602 (8th Cir.2016)

    When neither party contests the facts, the court does not invade the province of the jury if it resolves a dispute when it rules on a motion to dismiss. United States v. Phillips, 367 F.3d 846(9th Cir.2004) When the motion to dismiss raises only a question of law and the facts are

undisputed the motion can be determined without a trial on the issue. United States v. Flores, 404 F.3d 320(5th Cir. 2005)

Jensen was a factual dispute over Venue to determine if a crime had been committed within the maritime waters off the coast of the Western District of Washington. There was a dispute of fact. Jensen states you must accept all the allegations of the indictment as true. There is no dispute of fact over what Ms. Contreras-Robles did she met an UC officer received money the transaction was done completely under police surveillance.

This indictment is unique in that law enforcement had complete penetration of the operation start to finish. There are no facts in doubt with respect to Contreras -Robles. Law enforcement watched her arrival in front of the Target store, they watched the UC officer enter her car, and officers watched her leave the plaza and drive east on Irvington Road to Sixth Avenue.

Jensen concerns a dispute of fact; the case with respect to this defendant does not involve a dispute of fact. The factual portion of the Government Response does not reference any specific fact about Contreras –Robles. The prosecution has absolutely nothing that is in dispute with regard to Contreras –Robles.

Federal Rule of Criminal Procedure 12(b) allows a court to dismiss an indictment for insufficient evidence when there is no dispute of fact. United States v. Hall, 20 F.3d 1084(10th Cir. 1994) A district court can determine the sufficiency of the evidence before trial when the government has made a full proffer of its evidence and the facts are undisputed. United States v. DeLaurentis, 230 F.3d 659 (3rd Cir. 2000)

The facts are known the government response raises no new facts, and if they have any they can defeat the motion at a hearing on February 29,2024 when they demonstrate to the judge they have far more against this defendant than the one money pick up at Target.

What you have here is by invoking the term conspiracy the prosecution creates a presumption of pleading that a lot has gone on among the group away from the observation of law enforcement. However that may be in many conspiracy cases and with respect to other defendants in this case. It has no application to the facts of the charge in Count 1 against Ms. Contreras-Robles.

The prosecution knows what she did, there is no factual dispute and the court is well aware of the current state of the law in drug conspiracy cases. The defense is only asking that count one the conspiracy count be dismissed because she had "no stake in the venture."

Rule 7 (C)(1)

Covers motion to dismiss the indictment for an omission of an element of the offense. The there are two separate and distinct considerations: sufficiency of the pleading under Rule 7 and sufficiency of the proof under Rule 12. The case was indicted in 2022 we are well past the Rule 7 stage. The discovery phase of the case is complete with respect to Contreras –Robles. Now we are at a point where the court can evaluate a Rule 12 motion.

The fact the pleading may be sufficient is no longer the issue. The rule 12 motion on sufficiency of the evidence on undisputed facts in Count 1 is now squarely before the court.

REPECTFULLY SUBMITTED this 22nd day of February 2024.

LAW OFFICE OF DAVID A. AGUILAR

s/ David A. Aguilar
David A. Aguilar
Attorney for Defendant

Original of the foregoing electronically delivered via CM/ECF
this 22nd day of February 2024 to:

**Honorable James A. Soto**
United States District Court

**Matthew G. Eltringham**
Assistant United States Attorney