IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Guiovani Contreras-Robles,<br><br>    Defendant. | No. CR-22-1913-TUC-JAS (LCK)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Contreras-Robles' Motion to Dismiss Count One (Conspiracy) of the Indictment. (Doc. 102.) The government filed a response and Defendant replied. (Docs. 106, 108.) This matter came before the Court for oral argument and a report and recommendation as a result of a referral, pursuant to LRCrim 57.6. Argument was heard on February 29, 2024. (Doc. 110.) This motion was taken under advisement following argument.

Defendant argues that Count 1 of the Indictment should be dismissed for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The government contends that Count 1 of the Indictment states an offense against Defendant and Defendant is improperly asking for a pretrial determination of the sufficiency of the evidence. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on one count of Conspiracy to Distribute Methamphetamine, Heroin and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)(II), and one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii) and 18 U.S.C. § 2. (Doc. 3.) Count 1 of the Indictment reads:

> From a time unknown, on various dates, up to and including May 10, 2021, in the District of Arizona, CHRISTIAN DAMIAN RIOS-SANCHEZ, a.k.a. "Chiriss", DANIELLA AZUCENA ENCINAS-VILLA, a.k.a. "Cunada", ENRIQUE ARMANDO RUIZ-RABAGO, JUAN CARLOS GASTELUM-GUERLACH, a.k.a. "Tio," GUIOVANI CONTRERAS-ROBLES, HECTOR SANTIAGO-ROMERO, and JUAN MARTINEZ-ORTIZ did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii); did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); and did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the grand jury, to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).
>
> All in violation of Title 21, United States Code, Section 846.

(*Id.* at 2.)

## II. DISCUSSION

Defendant argues that Count 1 of the Indictment fails to state an offense with respect to her and, therefore, should be dismissed. Her argument is based on the government's disclosure, which she contends shows only that she performed a single act – picking up $3,800 from an undercover officer in exchange for two pounds of methamphetamine that was provided to the officer by a co-defendant two hours earlier. (Doc. 102 at 1-2.) The government counters that Count 1 of the Indictment is sufficient on its face, and Defendant is precluded from challenging a valid indictment on the ground that the allegations are not supported by adequate evidence, as trial is the proper venue for such a challenge. (Doc. 106 at 2-3.)

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (stating that the court may not consider evidence not included in the indictment) (quoting *United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973)). The Court must "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. A defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Jensen*, 93 F.3d at 669 (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).

Defendant contends her motion is properly brought prior to trial because the parties do not dispute the relevant facts. However, her motion is dependent on the Court considering the evidence contained in the government's disclosure. Because that is evidence from outside the indictment, it cannot be considered as to Defendant's Rule 12 motion.[1] Defendant agreed at oral argument that her motion was premised on her contention that the government does not have sufficient evidence to prove Count 1. This Court may not make a sufficiency of the evidence ruling on a pretrial motion. *Jensen*, 93 F.3d at 669. The absence of a factual dispute does not turn Defendant's motion into one based solely on a legal question; instead, the motion asks the Court to apply the law to all the facts currently known. That is a matter left to the trier of fact. And the proper forum for challenging whether there is adequate evidence is at trial. *See id.* ("By basing its decision on evidence that should only have been presented at trial, the district court in effect granted summary judgment for the defendants. This it may not do.") (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.")). Because the Court may not examine whether the

---

[1] Because it is not relevant to the Court's ruling, the Court does not recite or analyze the facts as set forth in Defendant's motion or the government's Response. (Doc. 102 at 1-2; Doc. 106 at 1-2.)

disclosure evidence is sufficient to prove conspiracy, there is no basis to grant Defendant's motion.

Defendant contends that she is not contesting the sufficiency of the indictment. (Doc. 108 at 3.) For the sake of thoroughness, however, the Court briefly examines the indictment. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It will be deemed sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 116 (1974). An indictment for conspiracy under 21 U.S.C. § 846 "is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (quoting *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981)). The Court examined Count 1 of the indictment, as to Defendant, and finds it alleges all the elements of the offense and meets the applicable legal standards.

### III. RECOMMENDATION

It is recommended that, after its independent review of the record, the District Court deny Defendant's Motion to Dismiss (Doc. 102). Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 1st day of March, 2024.

Honorable Lynnette C. Kimmins
United States Magistrate Judge