☒ FILED   ☐ LODGED

**Jun 21 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   MATTHEW G. ELTRINGHAM
3  Assistant U.S. Attorney
   United States Courthouse
4  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
5  Telephone:  520-620-7300
   Email:
6  Attorneys for Plaintiff

7

8                    IN THE UNITED STATES DISTRICT COURT

9                         FOR THE DISTRICT OF ARIZONA

10  United States of America,                    CR-22-01913-05-TUC-JAS (LCK)

11                          Plaintiff,

12           vs.                                  PLEA AGREEMENT

13  Guiovani Contreras-Robles,

14

15                          Defendant.

16           The United States of America and the defendant agree to the following disposition

17  of this matter:

18                                       PLEA

19           1.    The defendant agrees to plead guilty to Count One of an Information, which

20  charges the defendant with a Class E felony violation of 18 U.S.C. § 4, Misprision of

21  Felony.  The government will dismiss the Indictment at the time of sentencing.

22                              Elements of the Offense

23           2.    The elements of the offense are as follows:

24           a.    A federal felony was committed (Conspiracy to Distribute 50 grams or more

25  of methamphetamine, or 500 grams or more of a mixture or substance containing a

26  detectable amount of methamphetamine, 100 grams or more of heroin and 5 kilograms or

27  more of cocaine);

28           b.    The defendant had knowledge of the commission of the felony;

1           c.     The defendant failed to notify the relevant federal authorities about

2   the commission of the offense; and

3           d.     The defendant deliberately took some affirmative step to conceal the

4   crime.

5                                 Maximum Penalties

6      3.     The defendant understands that the maximum penalties for the offense to

7   which he is pleading are a fine of $250,000.00, or a maximum term of three (3) years

8   imprisonment, or both, and a maximum term of one (1) year supervised release.

9      4.     The defendant agrees to pay a fine unless the defendant establishes the

10  applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

11      5.     Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment

12  of $100.00 per felony count. The special assessment is due and payable at the time the

13  defendant enters the plea of guilty, but in no event shall be paid later than the time of

14  sentencing unless the defendant is indigent. If the defendant is indigent, the special

15  assessment will be collected according to the provisions of Chapters 227 and 229 of Title

16  18, United States Code.

17                         Immigration Consequences

18      6.     The defendant recognizes that pleading guilty may have consequences with

19  respect to his immigration status if defendant is not a citizen of the United States. Under

20  federal law, a broad range of crimes are removable offenses, including the offense to which

21  defendant is pleading guilty. Removal and other immigration consequences are the subject

22  of a separate proceeding, however, and defendant understands that no one, including

23  defendant's attorney or the district court, can predict to a certainty the effect of defendant's

24  conviction on defendant's immigration status. Defendant nevertheless affirms that he/she

25  wants to plead guilty regardless of any immigration consequences that this plea may entail,

26  even if the consequence is defendant's automatic removal from the United States.

27  / / /

28

-2-

1          STIPULATIONS, TERMS AND AGREEMENTS

2                Agreements Regarding Sentencing

3          7.    Stipulation:  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties

4    agree that:

5          a.    The government will move for a four-level downward variance

6    pursuant to 18 U.S.C. § 3553(a);

7          b.    Any prison sentence shall not exceed the high-end of the final

8    advisory Sentencing Guidelines Range;

9          c.    The parties agree that there will be no reduction in the guidelines

10   based on the role in the offense pursuant to U.S.S.G. § 3B1.2, because an adjustment for

11   reduced culpability is incorporated in the base offense level, as noted in U.S.S.G. § 2X4.1,

12   comment (n.2);

13         d.    The defendant agrees not to seek any adjustments in Chapters Two,

14   Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing

15   Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment

16   or departure, the government may decline to move for the four-level downward departure

17   pursuant to U.S.S.G. § 5K3.1 or withdraw from the plea;

18         e.    Nothing in this agreement precludes the defendant from asking for a

19   variance from the final advisory Sentencing Guidelines Range.

20         9.    Recommendation: Acceptance of Responsibility.  Pursuant to Fed. R.

21   Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S.

22   Probation Office of the circumstances surrounding the defendant's commission of the

23   offense, and if the defendant demonstrates an acceptance of responsibility for this offense

24   up to and including the time of sentencing, the United States will recommend a two-level

25   reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§

26   3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move

27   for an additional one-level reduction in the applicable Sentencing Guidelines offense level

28   pursuant to U.S.S.G. § 3E1.1(b).

1       10.   Non-Binding Recommendations: The defendant understands that

2 recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The

3 defendant further understands that the defendant will not be permitted to withdraw the

4 guilty plea if the Court does not follow a recommendation.

5       11.   The defendant understands that if the defendant violates any of the conditions

6 of the defendant's supervised release, the supervised release may be revoked. Upon such

7 revocation, notwithstanding any other provision of this agreement, the defendant may be

8 required to serve a term of imprisonment or the defendant's sentence may otherwise be

9 altered.

10       12.   The defendant and the government agree that this agreement does not in any

11 manner restrict the actions of the government in any other district or bind any other United

12 States Attorney's Office.

13       13.   The defendant understands and agrees to cooperate fully with the United

14 States Probation Office in providing (a) all criminal history information, i.e., all criminal

15 convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e.,

16 present financial assets or liabilities that relate to the ability of the defendant to pay a fine

17 or restitution; (c) all history of drug abuse which would warrant a treatment condition as

18 part of sentencing; and (d) all history of mental illness or conditions which would warrant

19 a treatment condition as part of sentencing.

20       14.   If the Court, after reviewing this plea agreement, concludes any provision is

21 inappropriate, it may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5), giving

22 the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw

23 his guilty plea.

24               Forfeiture, Civil, and Administrative Proceedings

25       15.   Nothing in this plea agreement shall be construed to protect the defendant

26 from civil forfeiture proceedings or prohibit the United States from proceeding with and/or

27 initiating an action for civil forfeiture. Further, this agreement does not preclude the United

28 States from instituting any civil proceedings as may be appropriate now or in the future.

- 4 -

1                     Waiver of Defenses and Appeal Rights

2        16.     Provided the defendant receives a sentence consistent with this agreement

3  that does not exceed the statutory maximum or any stipulated sentence, the defendant

4  waives (1) any and all motions, defenses, probable cause determinations, and objections

5  that the defendant could assert to the indictment or information; and (2) any right to file an

6  appeal, any collateral attack, and any other writ or motion that challenges the conviction,

7  an order of restitution or forfeiture, the entry of judgment against the defendant, or any

8  aspect of the defendant's sentencing-including the manner in which the sentence is

9  determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G.

10  § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations.  The

11  defendant further waives: (1) any right to appeal the Court's entry of judgment against

12  defendant; (2) any right to appeal the imposition of sentence upon defendant under Title

13  18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district

14  court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's

15  conviction and sentence under Title 28, United States Code, Section 2255, or any other

16  collateral attack; and (5) any right to file a motion for modification of sentence, including

17  under Title 18, United States Code, Section 3582(c) (except for the right to file a

18  compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of

19  such a motion).  The defendant acknowledges that this waiver shall result in the dismissal

20  of any appeal or collateral attack the defendant might file challenging the defendant's

21  conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas

22  petition, notwithstanding this agreement, the defendant agrees that this case shall, upon

23  motion of the government, be remanded to the district court to determine whether the

24  defendant is in breach of this agreement and, if so, to permit the government to withdraw

25  from the plea agreement.  This waiver shall not be construed to bar an otherwise-preserved

26  claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is

27  defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

28

1           Reinstitution of Prosecution

2           17.    Nothing in this agreement shall be construed to protect the defendant in any

3    way from prosecution for perjury, false declaration or false statement, or any other offense

4    committed by the defendant after the date of this agreement.  In addition, if the defendant

5    commits any criminal offense between the date of this agreement and the date of

6    sentencing, the government will have the right to withdraw from this agreement.  Any

7    information, statements, documents and evidence which the defendant provides to the

8    United States pursuant to this agreement may be used against the defendant in all such

9    proceedings.

10          If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

11   court in a later proceeding, the government will be free to prosecute the defendant for all

12   charges as to which it has knowledge, and any charges that were dismissed because of this

13   plea agreement will be automatically reinstated.  In such event, the defendant waives any

14   objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment

15   to the Constitution as to the delay occasioned by the later proceedings.  The defendant

16   agrees that any stipulations set forth under "Agreements Regarding Sentence" will not be

17   offered if prosecution is re-instituted.

18           Plea Addendum

19          18.    This written plea agreement, and any written addenda filed as attachments to

20   this plea agreement, contain all the terms and conditions of the plea. Any additional

21   agreements, if any such agreements exist, shall be recorded in a separate document and

22   may be filed with the Court under seal. Accordingly, additional agreements, if any, may

23   not be in the public record.

24           WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

25           Waiver of Rights

26          I have read each of the provisions of the entire plea agreement with the assistance

27   of counsel and understand its provisions.  I have discussed the case and my constitutional

28   and other rights with my attorney.  I understand that by entering my plea of guilty I will be

1    giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

2    compel the attendance of witnesses; to present evidence in my defense; to remain silent

3    and refuse to be a witness against myself by asserting my privilege against self-

4    incrimination; all with the assistance of counsel; to be presumed innocent until proven

5    guilty beyond a reasonable doubt; and to appeal.

6           I agree to enter my guilty plea as indicated above on the terms and conditions set

7    forth in this agreement.

8           I have been advised by my attorney of the nature of the charge to which I am entering

9    my guilty plea. I have been advised by my attorney of the nature and range of the possible

10   sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the

11   sentence the court imposes.

12          My guilty plea is not the result of force, threats, assurances or promises other than

13   the promises contained in this agreement. I agree to the provisions of this agreement as a

14   voluntary act on my part, rather than at the direction of or because of the recommendation

15   of any other person, and I agree to be bound according to its provisions. I agree that any

16   potential sentence referred to herein or discussed with my attorney is not binding on the

17   Court and is merely an estimate.

18          I agree that this written plea agreement contains all the terms and conditions of my

19   plea and that promises made by anyone (including my attorney) that are not contained

20   within this written plea agreement are without force and effect and are null and void.

21          I am satisfied that my defense attorney has represented me in a competent manner.

22          I am not now on or under the influence of any drug, medication, liquor, or other

23   intoxicant or depressant, which would impair my ability to fully understand the terms and

24   conditions of this plea agreement.

25                          Factual Basis and Relevant Conduct

26          I further agree that the following facts accurately describe my conduct in connection

27   with the offense to which I am pleading guilty and that if this matter were to proceed to

28   trial the government could prove the elements of the offense beyond a reasonable doubt:

- 7 -

On May 10, 2021, I, Guiovani Contreras-Robles, met with an undercover law enforcement officer in the parking lot at 1225 W. Irvington Rd. in Tucson in the District of Arizona. I arrived in the parking lot and parked next to the undercover law enforcement officer. The law enforcement officer got into my vehicle and handed me $3,800 dollars, which counted then kept. The undercover law enforcement officer got out of my vehicle and I left the area with the $3,800. Earlier in the day, the undercover law enforcement officer received approximately two pounds of methamphetamine from another person, Roberto Tadeo Gomez-Romo, and the money I received was payment for the methamphetamine. I made no attempt to contact law enforcement authorities regarding this criminal conduct or to make this criminal conduct known to law enforcement authorities prior to my arrest.

6/21/24
Date

Guiovani Contreras-Robles
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

6/21/24
Date

David Aguilar, Esq.
Attorney for Defendant

- 8 -

1    GOVERNMENT'S APPROVAL

2       I have reviewed this matter and the plea agreement. I agree on behalf of the United

3   States that the terms and conditions set forth are appropriate and are in the best interests of

4   justice.

5                                      GARY M. RESTAINO
                                       United States Attorney
6                                      District of Arizona

7
            6/21/24
8           Date                       MATTHEW G. ELTRINGHAM
                                       Assistant U.S. Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28